**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 3, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff -Appellee,

v.

GODOFREDO BARRAZA-FLORES,

    Defendant - Appellant.

No. 13-2052
(D.C. No. 1:11-CR-01868-MCA-2)
(D. New Mexico)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HARTZ,** and **MATHESON,** Circuit Judges.

On December 13, 2012, a jury in the United States District Court for the District

of New Mexico convicted Defendant Godofredo Barraza-Flores on one count of

conspiracy to distribute cocaine, three counts of distribution of cocaine, and one count of

illegal reentry into the United States. He filed a timely appeal, seeking dismissal of the

---

    * After examining appellant's brief and the appellate record, this panel has
determined unanimously to grant appellant's request for a decision on the briefs without
oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App.
P. 32.1 and 10th Cir. R. 32.1.

indictment against him because of alleged violations of the Speedy Trial Act. But because he did not file a pretrial motion to dismiss based on a Speedy Trial Act violation, he waived his right to a remedy under the Act. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

The indictment against Defendant was filed on July 13, 2011, and he first appeared before the court on September 6, 2011. Trial was originally set for October 11, but a series of motions for continuances—six that he filed and one filed by the government—delayed the trial until December 2012. Defendant argues that the charges against him should be dismissed because of two violations of the Speedy Trial Act: (1) he was not brought to trial within the statutory time limit because of the government's delay in producing discovery (several of Defendant's motions to continue related to discovery), and (2) the district court did not sufficiently justify the continuances it granted.

"We review de novo the district court's compliance with the requirements of the Speedy Trial Act . . . ." *United States v. Lugo*, 170 F.3d 996, 1000 (10th Cir. 1999). The Act requires that trial begin within 70 days of the later of (1) the filing of the indictment and (2) the first appearance of the defendant in court. *See* 18 U.S.C. § 3161(c)(1). Certain periods of delay, however, are excluded when calculating when the trial must commence. *See id.* § 3161(h). For instance, delays resulting from the granting of a continuance at the request of the defendant or the government are excluded if the judge

2

finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A).

If the Act's requirements are violated, the defendant can move to dismiss the indictment. *See id.* § 3162(a)(2). But "[f]ailure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section." *Id.; see United States v. Gomez*, 67 F.3d 1515, 1520 (10th Cir. 1995) ("[J]ust as the Act provides a remedy for violation of its speedy trial mandate, so too it unequivocally provides that the failure of a defendant to move for dismissal prior to trial constitutes a waiver of any right to that remedy.").

Defendant never moved for dismissal on the ground that the Speedy Trial Act had been violated. In fact, Defendant never filed any motion to dismiss and never alleged a violation of the Act in the pretrial motions he did file. The only time Defendant invoked his right to a speedy trial was in his response to the government's September 10, 2012, motion to continue, in which he wrote, without elaboration, "Defendant's constitutional rights to a speedy trial should not take a back seat to a forensic chemist's scheduling conflicts." R., Vol. I at 75. But that single sentence does not mention the Speedy Trial Act and was not offered in support of a motion to dismiss. Thus, Defendant "did not validly raise a Speedy Trial Act claim before trial and has therefore waived the right to dismissal under the plain language of 18 U.S.C. § 3162(a)(2)." *Lugo*, 170 F.3d at 1001.

We AFFIRM the judgment below.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge